WILLIAM S. KLEINMAN, Plaintiff-Appellant, *v.* COMMERCIAL INSURANCE COMPANY OF NEWARK, N.J., Defendant-Appellee.

(No. 59302; 

First District (1st Division)—May 20, 1974

Harry G. Fins, of Chicago, for appellant.

Clausen, Hirsh, Miller & Gorman, of Chicago (James T. Ferrini, Frank L. Schneider, and William J. Sneckenberg, of counsel), for appellee.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

This appeal presents a question involving health and accident insurance issued under the auspices of a Chicago Bar Association disability program. William S. Kleinman (plaintiff), a distinguished member of the Bar for many years, brought suit against Commercial Insurance Company of Newark, New Jersey, (defendant) and Parker, Aleshire & Company, a corporation, agent of defendant. Summary judgment was entered in favor of defendant and plaintiff has appealed.

Plaintiff's complaint consisted of four counts. Count I sought declaratory relief and recovery from defendant of weekly disability benefits which allegedly accrued and were unpaid after September 15, 1971. Count III alleged an anticipatory breach of the insurance contract by defendant so that plaintiff was entitled to recover all remaining disability payments in a lump sum. Counts II and IV sought damages from Parker, Aleshire & Company as defendant's agent. We need not concern ourselves with Counts II and IV against the agent. After the trial court had granted summary judgment in favor of defendant, there was a trial on the issues between plaintiff and the agent which terminated in favor of the agent. Plaintiff has expressly abstained from seeking review of this order.

The record shows that the relationship between the parties is a typical group insurance situation. Defendant has issued a Group Disability Policy insuring members of the Chicago Bar Association. Plaintiff and other insured persons received certificates of insurance. A copy of plaintiff's certificate is appended to his complaint. It certifies that plaintiff "is insured under and subject to all conditions and limitations of said Group Disability Policy * * * for loss resulting from injury or caused by sickness, in the manner and to the extent therein provided." It provides also that if the holder thereof should be wholly and continuously disabled that a weekly indemnity would be paid "commencing with the eighth day of disability, or from the first day of hospital confinement, whichever shall occur first, but not exceeding 416 weeks nor beyond the 73rd Anniversary of the Covered Member's date of birth whichever occurs first."

There is also appended to plaintiff's complaint a letter, dated September 12, 1961, from defendant's agent addressed to plaintiff. This letter indicates the terms and conditions of a modification of the disability insurance program which was under consideration at that time. Prior to September 1, 1961, plaintiff was covered under two insurance contracts. One was issued by defendant and provided disability indemnity payments for 5 years in cases of house confinement. The other contract, underwritten by Bankers' Security Life, would extend these disability benefits for an additional period. Defendant then offered a new contract with in-

creased benefits as a substitute for the Bankers' Life Policy. The choice made by each policyholder was evidenced by a so-called enrollment application. The policyholder could elect either of two alternatives. Plaintiff elected alternative B. A photocopy of this enrollment application signed by plaintiff demonstrates it to be in words and figures as follows:

"Commercial Insurance Company of Newark, N.J.
Gentlemen:
I would like the following coverage which you offer under the Chicago Bar Association Disability Program:

| ☐ *Alternative A* <br> One Contract | ☒ *Alternative B* <br> Two Contracts |
|---|---|
| Lifetime Accident and 8 year Sickness Benefit. | Retain Present Basic Contract and a *New* Contract with Lifetime Accident & 8 years Sickness Benefits *payable after 6 months.* |

I understand that the insurance hereby requested will not be effective unless I am regularly attending all of the usual duties of my occupation on the effective date of the Certificate.

| August 29, 1961 | /s/ WILLIAM S. KLEINMAN |
|---|---|
| Date | Signature" |

Defendant answered the complaint. The important allegation thereof is the affirmative statement that the 73d anniversary of plaintiff's date of birth occurred on September 15, 1971. It is undisputed by the parties that plaintiff did actually become disabled from sickness under the terms of the policy beginning December 10, 1964, and that plaintiff, born September 15, 1898, became 73 years of age on September 15, 1971. Defendant has paid all indemnities due until the 73d anniversary of plaintiff's birth.

Plaintiff filed a motion for summary judgment under Counts I and III. Defendant filed a motion for summary judgment in its favor. There is no disputed question of material facts between these parties. The sole issue presented here is one of law as to the effect of the so-called enrollment application on the rights of the parties with reference to the master policy of insurance and the certificate thereof held by plaintiff.

■■ In this court, plaintiff contends that the enrollment application is actually a rider. Based upon this assumption, plaintiff urges the familiar and established rule of law that, where an insurance policy contains a rider with provisions more favorable to the insured than the terms of the policy, the rider controls the rights of the parties. On the contrary,

defendant urges that the enrollment application was purely and simply an application, as distinguished from a rider or a new contract; there is no conflict between the policy and the application form but the contract of insurance merely provides a limitation upon which the application was silent and this limitation required termination of disability benefits upon the 73d anniversary of plaintiff's birth.

A careful study of all of the matters before us leads inevitably to the conclusion that defendant's position is well taken. We do not have a situation in which policy language is ambiguous so as to require us to resort to canons of construction. (*Illinois National Insurance Co. v. Trainer,* 1 Ill.App.3d 34, 36, 37, 272 N.E.2d 58.) We have instead clear-cut language which impels us to the indicated result. Plaintiff's certificate expressly recites that he "is insured under and subject to all conditions and limitations of said Group Disability Policy." The certificate itself expressly provides that disability benefits will not be paid "beyond the 73d Anniversary of the Covered Member's date of birth." The enrollment application signed by plaintiff constitutes an offer to augment the insurance contract as regards the number of weeks of sickness indemnity and amount thereof, but it does not purport to affect or modify in any regard the underlying and pre-existing condition that these payments are to terminate upon the 73d anniversary of plaintiff's birth.

The language of the master policy, as reproduced in plaintiff's certificate, provides that it "constitutes the entire contract of insurance." We note also a rider appended to plaintiff's certificate signed by defendant's agent as of September 1, 1961, carrying out the conditions of the enrollment application signed by plaintiff and providing specifically, "[n]othing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the undermentioned Policy other than as above stated."

There are many instances in which attempts have been made to modify the clear, unambiguous and binding provisions of insurance contracts by correspondence, brochures and even by subsequent representations. A number of cases involving this type of situation are analyzed in a recent opinion of this court (*Gross v. University of Chicago,* 14 Ill.App.3d 326, 302 N.E.2d 444, leave to appeal denied November 29, 1973.) In the case before us, as we did in *Gross,* we are obliged to take the position that the provisions of the agreement between the parties concerning the limitation upon the payments for sickness indemnity "were inserted deliberately and for a purpose, and we may not disregard them." (14 Ill. App.3d at 338.) As contended by defendant, other decisions lead to the same result. See *Fuller v. Standard Oil Co.,* 1 Ill.App.3d 799, 274 N.E.2d 865.

■■ In plaintiff's reply brief, reference is made to a letter from defen-

dant's agent to plaintiff's wife, dated January 24, 1966, enclosing drafts representing certain disability payments. The reply called our attention to language in this letter, "this indemnity is payable for a period of 8 years and house confinement is never required" and attempted to postulate an argument of "estoppel and waiver" thereon. Defendant has made a motion to strike this portion of the reply on the ground that this point was not raised in plaintiff's initial brief. In view of the result reached after trial of the issues involving defendant's agent, no further consideration of this matter is required. Defendant's motion to strike portions of plaintiff's reply, taken with the case, is accordingly denied.

Judgment affirmed.

BURKE and HALLETT, JJ., concur.