Beverly Ann **SMITH**, as Personal Representative of the Estate of David L. Smith, and Beverly Ann Smith, Individually, Plaintiff–Appellant,

v.

**MELLON BANK, a Delaware corporation, Defendant–Appellee.**

No. 91–3501.

United States Court of Appeals, Eleventh Circuit.

April 13, 1992.

---

John R. Overchuck, Overchuck, Langa & Crews, PA, Laura P. Denault, Orlando, Fla., for plaintiff-appellant.

Mark F. Bideau, Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, Alfred J. Malefatto, W. Palm Beach, Fla., for defendant-appellee.

Before ANDERSON and COX, Circuit Judges, and RONEY, Senior Circuit Judge.

RONEY, Senior Circuit Judge:

In this appeal from a directed verdict for the defendant in a claim for damages for an alleged violation of Florida's misleading advertising statute, we hold that it was unreasonable for the plaintiff to assume from the advertisement relied upon that the defendant credit card company would provide free accident life insurance for the rental of a car with a credit card.

In 1987, David and Beverly Smith rented a car in Mexico with a credit card the defendant Mellon Bank issued. Unfortunately, they were involved in an accident in the car and David Smith was killed. Beverly testified that they had rented the car with the Mellon Bank credit card, relying upon words on the card jacket which stated in pertinent part as follows:

**Your new Mellon Bank credit card ... the only card you'll ever need**

Mellon Bank gives you greater value and more service than most other credit card accounts:

· Free card registration.

· Up to 20% car rental discounts.

· $100,000 travel/accident insurance at no added cost.

She testified that they thought they would be covered by $100,000 worth of life insurance if they were involved in an accident with the rental car and that they relied on the advertisement for that belief.

The Travel/Accident Insurance which Mellon Bank provided to its cardholders was what is known as "common carrier travel insurance" and covered accidental bodily injury caused in connection with a common carrier, but excluded accidents involving a rental car.

The cause of action here is based exclusively on the assertion that the advertisement was misleading under Section 817.41, Florida Statutes. A cause of action for breach of contract initially filed against Mellon Bank and Aetna Life Insurance and Annuity Company was voluntarily dismissed. At the close of the plaintiff's case in chief, the defendant moved for a directed verdict on the misleading advertising statute claim, and the trial court granted the motion.

The Florida Statute provides as follows:

**Misleading advertising prohibited.—**

817.41 (1) It shall be unlawful for any person to make or disseminate or cause to be made or disseminated before the general public of the state, or any portion thereof, any misleading advertisement. Such making or dissemination of misleading advertising shall constitute and is hereby declared to be fraudulent and unlawful, designed and intended for

obtaining money or property under false pretenses.

. . . . .

(6) Any person prevailing in a civil action for violation of this section shall be awarded costs, including reasonable attorney's fees, and may be awarded punitive damages in addition to actual damages proven. This provision is in addition to any other remedies prescribed by law.

In order to prove a violation of Section 817.41, Florida law requires the plaintiff to prove reliance on the alleged misleading advertising, as well as each of the other elements of the common law tort of fraud in the inducement. *Vance v. Indian Hammock Hunt & Riding Club, Ltd.*, 403 So.2d 1367, 1370 (Fla.Dist.Ct.App.1981). The law is clear that reliance by a party claiming fraud must be reasonable and justified under the circumstances. *Uvanile v. Denoff*, 495 So.2d 1177, 1180 (Fla.Dist.Ct. App.1986), *review dismissed*, 504 So.2d 766 (1987); *Besett v. Basnett*, 389 So.2d 995, 997–98 (Fla.1980); *Butts v. Dragstrem*, 349 So.2d 1205, 1207 (Fla.Dist.Ct.App.1977), *cert. denied*, 361 So.2d 831 (Fla.1978).

Considering all the evidence in the light most favorable to the plaintiff, we affirm the district court's decision that there is no conflict of substantial evidence sufficient to create a jury question as to whether it was reasonable for the plaintiffs to rely upon the statements in the advertisement to conclude that the company provided free life insurance for the death of a credit cardholder while driving a rental car paid for with a Mellon Bank credit card. *See Miles v. Tennessee River Pulp & Paper Co.*, 862 F.2d 1525, 1528 (11th Cir.1989).

It is common knowledge that all insurance contracts contain specific definitions, requirements, and limitations on coverage. Few cases have been cited which are helpful in the determination of this case. In *Fuller v. Standard Oil Co.*, 1 Ill.App.3d 799, 274 N.E.2d 865 (1971), benefits were denied even though the brochure involving a travel accident insurance policy, which covered common carriers, did not specifically exclude a death caused in the crash of a private airplane. The district court correctly held to be irrelevant the fact that other credit card companies would mention a specific exclusion of rental cars.

It is not reasonable for a person to determine what kind of insurance is provided by the eight words relied upon in this advertisement. The advertisement did not mislead because travel accident insurance was indeed provided. In light of the Smiths' failure to engage in any inquiry beyond blind reliance on the simple statement on the card jacket, it can be said as a matter of law that their reliance upon that statement alone was not reasonable and was not justified. It is not at all clear from that statement what kind of insurance would be involved, even if it could be assumed that it was insurance covering a rental car. The words themselves do not describe sufficiently the insurance that is provided to justify the credit card user's reliance on his own conclusions as to what kind of insurance was involved. The defendant provided a cardholder handbook which set forth more fully the details of the accident insurance provided. Even though there is doubt that the plaintiffs received the handbook, it shows that there was no intent of the defendant to mislead the persons to whom the advertising was directed.

AFFIRMED.