Cassie **TERRY**, et al., Plaintiffs,

v.

**CARNIVAL CORPORATION,** Defendant.

Case No. 13–20571–CIV.

United States District Court, S.D. Florida.

Signed Jan. 16, 2014.

Brenton J. Allison, Douglas T. Gilman, Gilman & Allison, LLP, Pearland, TX, Francis I. Spagnoletti, Marc Evan Kutner, Megan A. Whitlock, Marcus Raymond Spagnoletti, David S. Toy, Spagnoletti & Co., Houston, TX, for Plaintiffs.

Curtis Jay Mase, Richard David Lara, Cameron Wayne Eubanks, Christine Marie Dimitriou, Thomas Dennis Alan Briggs, Valentina M. Tejera, Mase, Lara, Eversole P.A., Adam Michael Schachter, Daniel S. Gelber, Gerald Edward Greenberg, Gelber Schachter & Greenberg, P.A., Miami, FL, for Defendant.

### *ORDER ON MOTIONS FOR SUMMARY JUDGMENT*

DONALD L. GRAHAM, United States Magistrate Judge.

**THIS CAUSE** comes before the Court on Defendant's Motion for Summary Judgment on Plaintiffs Pamela Morris, Larry

Poret, and R.P. [D.E. 113], Plaintiff's Motion for Partial Summary Judgment [D.E. 122], and Defendant's Omnibus Motion for Summary Judgment [D.E. 127].

**THE COURT** has considered the motions, the relevant portions of the record, and is otherwise fully advised in the premises.

## I. BACKGROUND

Plaintiffs brought this suit in connection with their claims of injury while aboard the Carnival *Triumph,* during a cruise that departed on February 7, 2013, from Galveston, Texas, and which was scheduled to return on February 11, 2013. As a result of a fire, however, the *Triumph's* voyage was interrupted when the vessel became disabled while en route back to Galveston from Cozumel. Plaintiffs now seek compensatory and punitive damages on claims of breach of contract, negligence and gross negligence, negligent misrepresentation, and fraud.

## II. LAW & DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 56 provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). The moving party has the burden of production. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

At the summary judgment stage, the judge's function is not to "weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In making

this determination, the Court must decide which issues are material. A material fact is one that might affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

The Court must also determine whether the dispute about a material fact is indeed genuine. "Where the record taken as a whole would not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial' " and the court may grant the motion for summary judgment. *Scott v. Harris,* 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). If however, reasonable minds could disagree on the inferences arising from the material facts, then the Court must deny the motion for summary judgment. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. In other words, is the "evidence ... such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. *See Marine Coatings of Alabama, Inc. v. United States,* 932 F.2d 1370, 1375 (11th Cir.1991) (dispute of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party).

This action is controlled by United States general maritime law. *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1321 (11th Cir.1989); *Executive Jet Aviation, Inc. v. City of Cleveland,* 409 U.S. 249, 253, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972); *Foremost Ins. Co. v. Richardson,* 457 U.S. 668, 674, 102 S.Ct. 2654, 73 L.Ed.2d 300 (1982); *Everett v. Carnival*

*Cruise Lines,* 912 F.2d 1355, 1358 (11th Cir.1990); *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959).

Additionally, "[i]n this circuit, whether a party was negligent constitutes a question of fact." *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1321 (11th Cir.1989).

### B. Legal Analysis

#### 1. Plaintiffs Morris, Poret and R.P.'s Motion for Summary Judgment

Plaintiffs Pamela Morris ("Morris"), Larry Poret ("Poret"), and his daughter, R.P. ("R.P."), brought this action against Carnival to recover for their "injuries" stemming from the incident onboard the *Triumph.* Plaintiffs allege in their Fourth Amended Complaint that they suffered "serious physical and emotional injuries." Defendants move for summary judgment asserting that despite Plaintiffs' claims, they suffered no injuries while on the *Triumph.* Specifically, Defendant contends that Plaintiffs have suffered no physical injury, no emotional injury, no financial injury, no property damage, nor any other provable injury. [D.E. 113].

#### a. Pamela Morris

Pamela Morris ("Morris") was a passenger onboard the Carnival *Triumph* during the cruise that is the subject of this litigation. Prior to boarding the *Triumph,* Morris acknowledged and agreed to the terms of the cruise ticket contract. Morris suffered no physical injuries onboard the *Triumph.* However she claims to have suffered emotional injuries. Morris claims that she continues to have "[a]nxiety, sleeplessness, dreams or nightmares...." [D.E. 113–1, Depo. of P. Morris, p. 71]. She has never reported her emotional injures to anyone and has sought no treatment for her purported emotional injuries. [D.E. 113–1, Depo. of P. Morris, pp. 71, 77]. Morris suffered no property damage as a result of the incident onboard the

*Triumph.* [D.E. 113–1, Depo. of P. Morris, p. 79;]. Morris suffered no lost wages or financial losses as a result of the incident onboard the *Triumph.* [D.E. 113–1, Depo. of P. Morris, pp. 87, 91].

#### b. Larry Poret and R.P.

Larry Poret ("Poret"), and his daughter, R.P., were also passengers onboard the *Triumph.* Prior to boarding the *Triumph,* Poret acknowledged and agreed to the terms of the cruise ticket contract on behalf of himself and his daughter, R.P. Poret and R.P. suffered no physical injuries onboard the *Triumph.* They claim to have suffered the exact same emotional injuries. Poret and R.P. contend that they continue to suffer from "anxiety, stress, and nightmares." [D.E. 113–6, Supplemental Answers to Interrogatories, No. 6]. Poret and R.P. have not sought any treatment for their alleged emotional injuries, and their emotional injuries have gotten better with time. [D.E. 113–4, Depo. Of L. Poret, pp. 81–82]. Poret and R.P. suffered no property damage as a result of the incident onboard the *Triumph.* [D.E. 113–4, Depo. of L. Poret, p. 86; D.E. 113–6, Supplemental Answers to Interrogatories, No. 16]. Poret suffered no lost wages as a result of the incident onboard the *Triumph.* [D.E. 113–4, Depo. of L. Poret, p. 86; D.E. 113–6, Supplemental Answers to Interrogatories, No. 11, 12].

■ Defendant asserts that it is entitled to summary judgment on Plaintiffs' breach of contract claim (Count I) because the parties did not agree to any provision guaranteeing safe passage, a seaworthy vessel, adequate and wholesome food, and sanitary and safe living conditions. The Court agrees.

■ The general rule of admiralty law is that a ship's passengers are not covered by the warranty of seaworthiness, a term that imposes absolute liability on a sea

vessel for the carriage of cargo and seamen's injuries. *See Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1335 (11th Cir.1984) (holding that passenger's claims could not be based on unseaworthiness); *Jackson v. Carnival Cruise Lines, Inc.*, 203 F.Supp.2d 1367, 1377 (S.D.Fla. 2002). The only exception to this rule is if there is an executed contractual provision that expressly guarantees safe passage. *Jackson* at 1377; See also *Hass v. Carnival Cruise Lines*, 1986 WL 10154, No. 86–33–CIV (S.D.Fla. Mar. 20, 1986); *Doe v. Celebrity Cruises*, 145 F.Supp.2d 1337, 1346 (S.D.Fla.2001). Here, it is undisputed that Plaintiffs Morris, Poret and R.P. acknowledged and agreed to the terms of the cruise ticket contract. [See Cruise Ticket Contract Acceptance Report, D.E. 113–2 and 113–5]. The contract ticket makes no express guarantee for safe passage, a seaworthy vessel, adequate and wholesome food, and sanitary and safe living conditions. [See D.E. 24–1]. Instead, the relevant provisions read:

> The Vessel shall be entitled ... to return to or enter any port at the Master's discretion and for any purpose, and to deviate in any direction or for any purpose from the direct or usual course, and to omit or change any or all port calls, arrival or departure times, with or without notice, for any reason whatsoever, including but not limited to safety, security, ..., mechanical breakdowns, ... all such deviations being considered as forming part of and included in the proposed voyage. Carnival shall have no liability for any compensation or other damages in such circumstances other than as provided by Carnival's change of itinerary policy at the time Guest or his agent acknowledges receipt and acceptance of the terms and conditions of the cruise ticket contract[.]

> If the performance of the proposed voyage is hindered or prevented (or in the opinion of Carnival or the Master is likely to be hindered or prevented) by ... breakdown of the Vessel, ... or any other cause whatsoever or if Carnival or the Master considers that for any reason whatsoever, proceeding to, attempting to enter, or entering or remaining at the port of Guest's destination may expose the Vessel to risk or loss or damage or be likely to delay her, the Guest and his baggage may be landed at the port of embarkation or at any port or place at which the Vessel may call, at which time the responsibility of Carnival shall cease and this contract shall be deemed to have been fully performed[.]

[DE 24–1, ¶¶ 7(d), (e) ].

Any claim the passenger plaintiffs have in this case cannot be based on unseaworthiness. *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1335 (11th Cir. 1984). Rather, the acts complained of by the plaintiffs involve the alleged negligent conduct of Carnival. *Id.* Given the specific disclaimer contained in the contract ticket, the case law holding that a breach of contract of carriage must be explicit, and the nature of plaintiffs' claims, Defendant's motion for summary judgment is granted as to Count I.

■■■■ Defendant contends that it is entitled to summary judgment on Plaintiffs' Negligence and Gross Negligence claim (Count II) because there is no evidence that plaintiffs suffered a cognizable injury or actual harm as a result of the incident onboard the *Triumph*. To establish a negligence claim, Plaintiffs must prove that: (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). A necessary element is that the defendant's breach results in an actual

harm to plaintiffs. Here, Poret, and R.P. concede that they suffered no physical injuries. Morris however asserts that while on board the vessel she felt "tired and lethargic" because she ran out of her diabetes and antidepressant medication. Each claims emotional injuries which manifested uniformly through sleep deprivations and nightmares.

■ A valid claim for negligent infliction of emotional distress requires "mental or emotional harm (such as fright or anxiety) that is caused by the negligence of another and that is not directly brought about by a physical injury, but that may manifest itself in physical symptoms." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337–38 (11th Cir.2012) (quoting *Consol. Rail Corp. v. Gottshall*, 512 U.S. 532, 544, 114 S.Ct. 2396, 2405, 129 L.Ed.2d 427 (1994)).

There are a variety of limiting tests for assessing claims of negligent infliction of emotional distress. The three predominant limiting tests are (1) the physical impact test, (2) the zone of danger test, and (3) the relative bystander test. *See Consol. Rail Corp. v. Gottshall*, 512 U.S. 532, 546–49, 114 S.Ct. 2396, 129 L.Ed.2d 427 (1994). Admiralty law allows recovery only for those passing the zone of danger test. *Smith v. Carnival Corp.*, 584 F.Supp.2d 1343, 1353–54 (S.D.Fla.2008); *Tassinari v. Key West Water Tours, L.C.*, 480 F.Supp.2d 1318, 1320–21 (S.D.Fla. 2007) ("[C]ourts have analogized the remedial nature of FELA to maritime law and have used the same zone of danger test and similar reasoning to evaluate negligent infliction of emotional distress claims under general maritime law."); *Williams v. Carnival Cruise Lines, Inc.*, 907 F.Supp. 403, 405 (S.D.Fla.1995) (explaining "the Jones Act fully incorporates [FELA] by reference" and that courts "look to case law developed under the Jones Act in guiding the development of the general maritime law").

■ The "zone of danger" test "limits recovery for emotional injury to those plaintiffs who sustain a physical impact as a result of a defendant's negligent conduct, or who are placed in immediate risk of physical harm by that conduct." *Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532, 547–48, 114 S.Ct. 2396, 2406, 129 L.Ed.2d 427 (1994). While the *Gottshall* court held that the zone of danger test is the applicable standard that must be met in cases for negligent infliction of emotional distress, the Court did not decide whether objective physical manifestations are required for recovery or whether a plaintiff can recover for purely emotional injury. *Gottshall*, 512 U.S. at 569 n. 3, 114 S.Ct. at 2417 n. 3. The Court noted that many jurisdictions that follow the zone of danger test, "also require that a plaintiff demonstrate a 'physical manifestation' of an alleged emotional injury, that is, a physical injury of effect that is the direct result of the emotional injury, in order to recover." *Id.*, at 549 n. 11, 114 S.Ct. at 2407 n. 11; *Williams v. Carnival Cruise Lines, Inc.*, 907 F.Supp. 403, 406 (S.D.Fla.1995).

As noted in *Williams*, the *Restatement (Second) of Torts* follows the physical manifestation test in requiring proof of physical injury that is a direct result of the emotional injury:

If the actor's conduct is negligent as creating an unreasonable risk of causing either bodily harm or emotional disturbance to another, and it results in such emotional disturbance alone, without bodily harm or other compensable damage, the actor is not liable for such emotional disturbance.

*Restatement (Second) of Torts*, § 436A (1965). Comment c to the *Restatement* illustrates the test:

A negligently manufactures and places upon the market cottage cheese containing broken glass. B purchases a pack-

age of the cheese and upon eating it finds her mouth full of glass. She is not cut or otherwise physically injured, and she succeeds in removing the glass without bodily harm; but she is frightened at the possibility that she may have swallowed some of the glass. Her fright results in nausea and nervousness lasting for one day, and *an inability to sleep that night,* but in no other harm. A is not liable to B. (emphasis added)

*Id.,* comment c. Comment c further provides that if B had suffered long continued nausea or headaches, that may amount to physical illness, which is bodily harm; and even long continued mental disturbance may be classified as illness, notwithstanding their mental character.

■ In this case, Plaintiffs Morris, Poret, and R.P., complain only of emotional injuries which manifested uniformly through sleep deprivations and nightmares. Although none of these plaintiffs have sought medical care, each contends that the distress is continuous.

Viewing the evidence in the light most favorable to the non-moving party, there is a genuine issue of material fact as to whether these plaintiffs are entitled to recover for their emotional distress when applying the physical manifestation test. Specifically where the record evidence demonstrates that Plaintiffs mental disturbance and/or the resulting sleeplessness and nightmares are continuous in nature. Accordingly, Defendant's Motion for Summary Judgment as to these plaintiffs is denied as to Count II.

■ Defendant contends that it is entitled to summary judgment on Plaintiffs' negligent misrepresentation (Count III) and fraud (Count IV) claims because it is undisputed that they have suffered no cognizable injury. Having found that there is a genuine issue of fact whether plaintiffs suffered a cognizable injury, Defendants' motion is denied as to Count III and IV.

### 2. Carnival's Omnibus Motion for Summary Judgment

Defendant Carnival moves for summary judgment on eleven (11) of the remaining plaintiffs ("Plaintiffs") in the instant omnibus motion. For the reasons previously stated, Carnival is granted summary judgment on all Plaintiffs' breach of contract claims (Count I) that seek damages for "serious physical and emotional injuries" and "other related damages." The ticket contract, to which Plaintiffs acknowledged, agreed, and used, makes no guarantee for safe passage, a seaworthy vessel, adequate and wholesome food, and sanitary and safe living conditions. [DE 24–1; see ticket contract attached as D.E. 127–33]. By their acceptance or use of the ticket contract each Plaintiff accepted and agreed "to all of the terms and conditions of the" ticket contract. [*See* D.E. 217–33, para. 1(e) ]. Additionally, there is no express provision in the ticket contract guaranteeing safe passage. Plaintiffs' claims for damages based on Defendants failure to provide certain accommodations are based in a maritime tort of negligence. Accordingly, Defendant's motion for summary judgment as to Count I is granted as to all eleven plaintiffs.

Defendant Carnival moves for summary judgment as to the plaintiffs' negligence claims asserting that certain plaintiffs did not suffer any serious injuries as alleged in the Fourth Amended Complaint; that some suffered no cognizable damages and others suffered minor and trivial injuries that are insufficient to support all or part of their negligence claims that seek recovery based on emotional injury; and that the ticket contract bars all plaintiffs from recovering economic damages resulting from the vessel's breakdown. [D.E. 127].

Carnival argues that Plaintiffs Cynthia Brooks ("Brooks"), Virginia Burkett ("Burkett"), Mary Crosby ("Crosby"), Al-

ton Cripps ("A. Cripps"), Melissa Means ("Means"), and Mary Lafferty ("Lafferty") cannot recover on their stand-alone emotional distress claims because there is no evidence that they have suffered a subsequent physical manifestation of their emotional distress. Defendant further asserts that Brooks, Burkett, A. Cripps, Crosby, and Means have failed to submit any evidence of damages and that such failure requires entry of judgment in Carnival's favor on count II as a matter of law.

Finally, Carnival contends that A. Cripps, David Cripps ("D. Cripps"), Michelle Key ("Key"), Iara Pires ("Pires"), Michelle Maddox ("Maddox"), and Tonya Spears ("Spears") have failed to offer any evidence establishing causation and, as a result, damages. [D.E. 127, p. 25].

Ten of the eleven plaintiffs who are the subject of Defendants' omnibus summary judgment motion, complain of anxiety, sleeplessness and nightmares lasting more than a day. For the reasons previously stated and viewing the record evidence in the light most favorable to the non-moving party, plaintiffs' claims of physical and/or emotional injury, with the manifestation of continuous nightmares, and sleeplessness and/or continued treatment, is sufficient to preclude summary judgment. Accordingly, Defendant's motion is denied as to Plaintiffs Brooks, A. Cripps, D. Cripps, Crosby, Key, Maddox, Means, Pires, Spears, and Lafferty, with regards to Count II.

■ The Court finds that summary judgment is granted in Defendant's favor as to the claims of Burkett. According to the record evidence Burkett suffered from diarrhea while onboard the vessel. [D.E. 127–13, Depo. of V. Burkett, p. 15]. She never reported the diarrhea to anyone on the cruise and the condition was completely cured with antibiotics a week or two after she disembarked. [D.E. 127–13, Depo. of V. Burkett, pp. 16, 69]. Burkett is not claiming that she suffered any emotional harm but rather her emotional trauma is due to her husband, who was not a passenger on the vessel, worrying more about her and her safety. [D.E. 127–13, Depo. V. Burkett, pp. 13–14]. Given the absence of any emotional distress by Burkett and the trivial nature of her physical injury, the Court finds that Burkett suffered no cognizable damages to support a claim of negligence.

Defendant argues that summary judgment is warranted as to Plaintiffs' negligent misrepresentation (Count III) and fraud (Count IV) claims because they have suffered no cognizable injury. Having found that only plaintiff Burkett suffered no cognizable injury and that there are genuine issues of material fact regarding the remaining plaintiffs' injuries and damages, Defendant's motion is granted as to Burkett and denied as to all other plaintiffs.

■ Finally, Defendant asserts that it is entitled to summary judgment on Plaintiffs' claims for punitive damages. Specially, Carnival contends that there is no evidence of intentional wrongdoing. "The standard of liability necessary for the recovery of punitive damages is governed by admiralty law." *In re Amtrak Sunset Ltd. Train Crash in Bayou Canot, Ala. on Sept. 22, 1993,* 121 F.3d 1421, 1428 (11th Cir.1997). Personal injury claimants in actions brought under general maritime law have no claim for non-pecuniary damages, including punitive damages, "except in exceptional circumstances such as willful failure to furnish maintenance and cure to a seaman, intentional denial of a vessel owner to furnish a seaworthy vessel to a seaman and in those very rare situations of intentional wrongdoing." *In re Amtrak Sunset Ltd. Train Crash in Bayou Canot, Ala. on Sept. 22, 1993,* 121 F.3d 1421, 1429 (11th Cir.1997). Plaintiffs have failed to

demonstrate and the record evidence does not support a finding of intentional misconduct. Accordingly, Defendant's motion is granted. Plaintiffs in this action are precluded from pursuing punitive damages.

### 3. Plaintiffs' Motion for Partial Summary Judgment

Plaintiffs move for partial summary judgment as to liability, or in the alternative, for a presumption of liability against Defendant Carnival based upon the doctrine of *res ispa loquitur*. [D.E. 122]. Specifically, Plaintiffs argue that they are entitled to summary judgment as a matter of law because (1) the engine room fire started for no reason other than Carnival's sheer negligence and utter failure to perform necessary and required maintenance on the Vessel's diesel generators and flexible fuel lines; (2) the engine room, including the diesel generators and flexible fuel lines were under the exclusive control of Carnival at all relevant times; and (3) there is no evidence to suggest the fire was caused by any action or contribution by Plaintiffs.

A finding of negligence based on the doctrine of *res ipsa loquitur* in the admiralty context is not totally unique but neither is it routine. *United States v. Baycon Indus., Inc.,* 804 F.2d 630, 633 (11th Cir.1986). The doctrine of *res ipsa loquitur* applies if: (1) the injured party was without fault, (2) the instrumentality causing the injury was under the exclusive control of the defendant, and (3) the mishap is of a type that ordinarily does not occur in the absence of negligence. *United States v. Baycon Indus., Inc.,* 804 F.2d 630, 633 (11th Cir.1986). No act need be explicable only in terms of negligence in order for the rule of *res ipsa loquitur* to be invoked. The rule deals only with permissible inferences from unexplained events. *Johnson v. United States,* 333

U.S. 46, 49, 68 S.Ct. 391, 393, 92 L.Ed. 468 (1948).

It is undisputed that the plaintiffs were without fault. Carnival argues that there are disputed issues of fact whether the Triumph's engine room, diesel generators and specifically the flexible fuel hose were in the exclusive control of Carnival at all relevant times and whether the cause of the fire could only be caused by negligence.

With regard to the second prong of the test, the Court finds that the instrumentalities involved were under the exclusive management and control of the defendant. *Ribovich v. Anheuser Busch, Inc.,* 972 F.Supp. 589, 594 (M.D.Fla.1997) *aff'd sub nom. Ribovich v. Anheuser–Busch Cos.,* 180 F.3d 273 (11th Cir.1999). Again looking to the Restatement of Torts, regarding Defendant's exclusive control, comment g states that:

> [t]he plaintiff may sustain this burden of proof with the aid of a second inference, based on a showing that the cause for the event was within the defendant's responsibility or a showing that the defendant is responsible for all reasonably probable causes to which the event can be attributed. Usually this is done by showing that a specific instrumentality which has caused the event, or all reasonably probable causes, were under the exclusive control of the defendant. Thus the responsibility of the defendant is proved by eliminating that of any other person.

Restatement (Second) of Torts § 328D (1965). Additionally, comment g states that the defendant may be responsible where he is under a duty to the plaintiff which he cannot delegate to another or he is under a duty to control the conduct of a third person. The essential question in determining "exclusive control" becomes one of whether the probable cause is one

which the defendant was under a duty to the plaintiff to anticipate or guard against. Restatement (Second) of Torts § 328D (1965).

■ It is undisputed that the vessel, the flexible fuel lines and diesel generator six ("D.G. 6") were under the exclusive control and management of Defendant's agents during the subject cruise. Although the record evidence shows, and Carnival argues, that: 1) the Triumph and its engine room are regularly boarded by third-party vendors [D.E. 148–1, ¶ 3], who never expressed any concerns about the delay of the overhaul of DG6 [D.E. 148–1, ¶ 12]; 2) the Triumph was regularly inspected by the classification society, Lloyd's Register, and the United States Coast Guard, who never called the vessel's fitness to sail or safety into question as a result of the maintenance of its engines [D.E. 148–1, ¶ 13]; and 3) as recent as February 4, 2013, three days before the commencement of the subject voyage, the Triumph underwent maintenance on DG6 from a third-party vendor [D.E. 148–1, ¶ 19], there is no record evidence to suggest that any party, other than Carnival, operated, managed or had any control over the vessel, engine room or the machinery therein during the subject cruise. The Court thus finds a sufficient showing of exclusive control in that the defendant is responsible for all reasonably probable causes to which the event can be attributed, and the probable cause is one which the defendant was under a duty to the plaintiffs to anticipate or guard against.

■ As to the third prong, the Court finds that the record evidence demonstrates that the fire and resulting conditions experienced by-Plaintiffs aboard the Triumph is a mishap that ordinarily does not occur in the absence of negligence. *Id.* at 634. It is undisputed that a fire broke out in the vessel's engine room as a result of a leak in a flexible fuel hose for D.G. 6".

It is also undisputed that as a result of the fire, the vessel became disabled. In this case, the events that occurred were sufficiently unusual to support an inference that, in the absence of negligence by those in charge, the fire and resulting conditions would not have occurred. See *Olsen v. States Line*, 378 F.2d 217 (9th Cir.1967). It is highly likely that Carnival was responsible for all reasonably probable causes to which the accident could have be attributed. See *Olsen* at 220. Here, the facts of the occurrence warrant the inference of negligence. *Johnson v. United States*, 333 U.S. 46, 48, 68 S.Ct. 391, 392, 92 L.Ed. 468 (1948).

Once the inference of negligence is established, the defendant has the burden of rebutting the inference. *Baycon* at 634. Carnival argues that the Triumph's power plant and engines were inspected by the relevant authorities prior to the incident and that its engines and equipment were in compliance with the relevant regulatory requirements. Carnival also contends that the subject fuel hose that leaked was replaced six months prior to the incident, well within the manufacturer's requirement and that this case was just an accident. However, the prior inspections, compliance and repairs do not show that Carnival was not in exclusive control at the time of the cruise. The Court finds Carnivals arguments and the record evidence insufficient to rebut the inference of negligence. Specifically, Carnival offers no feasible explanation for the fire absent lack of due care. As such, Plaintiffs' motion for partial summary judgment is granted.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment on Plaintiffs Pamela Morris, Larry Poret, and R.P. [D.E. 113] is **GRANTED**

in part and **DENIED in part.** Defendant's motion is **GRANTED** as to Plaintiffs' claims for punitive damages only. It is further

**ORDERED AND ADJUDGED** that Plaintiffs' Motion for Partial Summary Judgment [D.E. 122] is **GRANTED.** It is further

**ORDERED AND ADJUDGED** that Defendant's Omnibus Motion for Summary Judgment [D.E. 127] is **GRANTED in part and DENIED in part.** Defendant's motion is **GRANTED** as to Count I as to all plaintiffs. Defendant's motion as to Count II is **GRANTED** as to Plaintiff Virginia Burkett only and **DENIED** as to all remaining Plaintiffs. Defendant's Motion is **DENIED** as to Count III and Count IV. Defendant's motion is **GRANTED** as to Plaintiffs' claims for punitive damages.