**Adrianus KOENS, Plaintiff,**

v.

**ROYAL CARIBBEAN CRUISES, LTD., a Liberian Corporation, Defendant.**

**Charlotte Ashfield, Plaintiff,**

v.

**Royal Caribbean Cruises Ltd., a Liberian Corporation, Defendant.**

**Case Nos. 10–24371–CV, 10–24373–CV.**

United States District Court, S.D. Florida, Miami Division.

March 25, 2011.

James Madison Walker, Walker & O'Neill PA, South Miami, FL, for Plaintiff.

Jeffrey Eric Foreman, Danielle Portia Rubin, Darren Wayne Friedman, Foreman Friedman, PA, Miami, FL, for Defendants.

### *ORDER CONSOLIDATING CASES FOR PRETRIAL PROCEEDINGS, GRANTING WITHOUT PREJUDICE MOTIONS TO DISMISS*

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court upon Motions to Dismiss filed by Defendant Royal Caribbean Cruises ("RCL") in the two above-styled cases currently before this Court. Because of the factual similarity of these cases and to ensure judicial efficiency,[1] the Court will consolidate these cases for pre-trial proceedings.

In *Ashfield,* Defendant RCL filed its Motion to Dismiss (DE # 11) on January 14, 2011.[2] In *Koens,* Defendant RCL filed its motion to Dismiss (DE # 10) on Febru-

---

1. In substance and allegations, Plaintiffs' respective Complaints are nearly identical. Therefore, the Court will only distinguish between the Complaints where there are relevant differences.

2. Defendant RCL's Motion to Dismiss has been amply briefed, as Plaintiff Ashfield filed a Response (DE # 17) on February 4, 2011, to which Defendant filed a Reply (DE # 18) on February 14, 2011. As such, this matter is ripe for determination.

ary 18, 2011.[3] After careful consideration and for the reasons set forth below, the Court determines that Defendant's Motions must be granted.

## I. Background

Plaintiff Ashfield, an Irish citizen, was a ticketed passenger aboard a November 2009 sailing of the Royal Caribbean cruise ship, Navigator of the Seas. Plaintiff Koens, a Dutch citizen, was a ticketed passenger aboard the same sailing of the Navigator of the Seas.[4] During that sailing of the Navigator, the ship was scheduled to stop in, among other places, Nassau.[5]

While Plaintiffs were aboard the Navigator on that journey, they were purportedly bombarded by Royal Caribbean—through daily "Cruise Compasses," television advertisements, and personal interactions with crew members—regarding the availability of certain shore excursions in Nassau for the day the Navigator was in port. Plaintiffs became interested in an excursion called the "Caribbean Segway Nature Tour," which RCL advertised as a "family fun" excursion during which participants would enjoy "natural Nassau on a picturesque off-road Segway ride." The excursion, operated by a company known as Caribbean Segway Tour, was to take place on a remote, 162–acre private nature preserve known as "Earth Village." Based on these Royal Caribbean representations, Plaintiffs purchased tickets for the excursion from the Excursion Desk, located aboard the Navigator and manned by a Royal Caribbean employee.

However, the excursion was not the experience Plaintiffs anticipated. Plaintiffs and the other excursion participants, while touring Earth Village, were robbed at gunpoint. They were ordered by the robbers to lie facedown on the ground, and the robbers fired gunshots in their vicinity. Plaintiff Ashfield was thrown into a ditch and mistreated, having her purse stolen and a gun fired in close proximity to her person. Plaintiff Koens was forcibly thrown to the ground before being kicked in the side and having his backpack stolen. Plaintiffs feared for their physical safety.

Plaintiffs seek to recover against Defendant RCL, both for its own purported negligence and for its derivative liability as a consequence of its alleged relationship with the excursion operator, Caribbean Segway Tours. Specifically, the Complaints purport to state seven causes of action: 1) negligence; 2) misleading advertising; 3) negligent misrepresentation; 4) apparent agency; 5) actual agency; 6) breach of third-party beneficiary contract; and 7) negligent infliction of emotional distress. RCL has moved to dismiss both Complaints, largely on the basis that it cannot be held liable for criminal actions on Nassau or for the alleged actions of an entity RCL claims is an independent contractor, operating and controlling the excursion.

## II. Legal Standard

"For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom." *Omar ex rel.*

3. Plaintiff Koens filed a Response (DE # 15) on March 14, 2011. As such, this matter is also ripe for determination.

4. There is no indication in the Complaint that Plaintiffs in these matters were associated with one another, but for 1) their mutual purchase of a ticket for the Navigator; and 2) their purchase of the shore excursion in Nassau.

5. The Court takes judicial notice of Nassau's status as the Bahamian capital.

*Cannon v. Lindsey,* 334 F.3d 1246, 1247 (11th Cir.2003). A complaint may be dismissed if the facts as pleaded fail to state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 560–61, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating former "unless it appears beyond a doubt that the plaintiff can prove no set of facts" standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face"); *Marsh v. Butler County, Ala.,* 268 F.3d 1014, 1037 (11th Cir.2001) (en banc) ("Pleadings must be something more than an ... exercise in the conceivable.") (quoting *United States v. Students Challenging Regulatory Ag. Proc.,* 412 U.S. 669, 688, 93 S.Ct. 2405, 37 L.Ed.2d 254 (1973)). Finally, "[i]n analyzing the sufficiency of the complaint, [the Court] limit[s][its] consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845 (11th Cir.2004).

## III. Discussion

For purposes of analyzing Defendant RCL's Motions to Dismiss, the stated grounds will be discussed individually as they pertain to each count of Plaintiffs' respective Complaints. Moreover, because of the substantial similarity of Plaintiffs' Complaints, the Court need not address any differences between the two.

### i. Count One: Negligence

As the basis for Count I of their Complaints, Plaintiffs claim that Defendant RCL breached certain duties owed to them as passengers. According to Plaintiffs, Defendant breached those duties in the following ways, among others: failing to select a safer shore excursion for its passengers; failing to investigate the safety of its excursion operator; failing to audit the safety of its excursion operator; and failing to supervise the excursion operator. Underlying all the purported duties is Plaintiffs' contention that "Defendant knew or should have known of the high crime rate in Nassau, especially against tourists, and that cruise passengers were at risk of becoming victims." (Case No. 10–24373 DE # 1 ¶ 21; Case No. 10–24371 DE # 1 ¶ 21). As such, Plaintiffs contend that Defendant had an obligation to take appropriate steps in light of the "real and significant dangers on tours and excursions." [6]

RCL moves for dismissal on the basis that such heightened duties are not appropriate here. While Defendant recognizes that cruise ships may be liable for failure to warn of known dangers, *Carlisle v. Ulysses Line Ltd.,* 475 So.2d 248 (Fla. 3d DCA 1985), it nonetheless contends that such liability only springs from known dangers in specific geographic locations. (DE # 11 at 3); *Carlisle,* 475 So.2d at 251. Moreover, Defendant states that imposing heightened duties beyond a duty to warn is inappropriate.

Upon review of Plaintiffs' allegations and in light of the pertinent case law cited by the parties, the Court agrees with Defendant and finds that Plaintiffs have failed to state a cause of action for negligence. *Carlisle* and its progeny merely state that a cruise ship may be liable for a failure to warn of known dangers in known settings. *See Carlisle,* 475 So.2d at 251 ("[T]he duty to warn is limited to dangers known to exist in the *particular* place where the passenger is invited to, or rea-

---

6. Plaintiffs have alleged numerous other negligent actions on the part of Defendant. The Court declines to address them individually, as they seek to impose the same type of heightened duties.

sonably may be expected to visit.") (emphasis added). Permitting Plaintiffs to proceed on their claim of negligence against Defendant solely because of a rising crime rate in Nassau would improperly expand a cruise line's duties to its customers. Here, there are no allegations in either of the Complaints that RCL knew or should have known of dangerous conditions on either the Caribbean Segway Tour or on the grounds of Earth Village Nature Preserve. Instead, the only allegations pertain to "actual knowledge of crimes against tourists in Nassau, as a group of passengers on a Defendant-sponsored Nassau excursion were robbed at gunpoint approximately one month prior to the subject incident." (DE # 1 ¶ 21). Such allegations are insufficient to trigger a duty under *Carlisle*. And since without duty there can be no breach, Plaintiffs have failed to state a cause of action for negligence.

Furthermore, insomuch as Plaintiffs seeks to hold Defendant liable for negligent hiring or retention, they have also failed to plead the necessary elements. While the Complaint seems to allege that Defendant RCL should be held to heightened duties relating to the allegedly negligent hiring of Caribbean Segway Tours, there is no indication that the relationship between Defendant RCL and Caribbean Segway Tours is appropriate for such a cause of action. Instead, Plaintiff's Complaint broadly alleges heightened duties that it would have applied to Defendant. The Court finds, however, that merely pleading the existence of such duties with-

out providing a factual basis for their imposition is insufficient to state a cause of action.

Therefore, Count I of Plaintiffs' Complaints will be dismissed with leave to amend. Upon amendment, Plaintiffs are instructed to state with clarity the basis for any negligence action against Defendant, and to plead individually such separate claims as negligence and negligent retention.

ii. Count Two: Misleading Advertising

■ In support of their claim for Misleading Advertising under Count II of their respective Complaints, Plaintiffs allege that Defendant's failure to notify them of the "exploding crime rate in Nassau" constitutes misleading advertisement insomuch as Defendant's omission affected their decision to purchase the shore excursion. Plaintiffs cite certain language found under the FAQ section of Defendant's website in support of her claim, as well as the actions of Defendant's employees, which Plaintiffs states made them believe the tour was safe and fun.

■ To prove misleading advertising under Florida law, which is a statutorily-created cause of action, "the plaintiff [must] prove reliance on the alleged misleading advertising, as well as each of the other elements of the common law tort of fraud in the inducement." (DE # 11, citing *Smith v. Mellon Bank*, 957 F.2d 856, 858 (11th Cir.1992)).[7] The Court finds that Plaintiffs cannot state a cause of action for misleading advertising, where the only basis for recovery is allegedly misleading

---

7. The four elements required in a claim for fraud in the inducement and negligent misrepresentation are 1) misrepresentation of material fact; 2) by an individual who knew or should have known of the falsity of the statement; 3) that the representing individual intended that the representation would induce another to rely and to act; 4) another suffered injury in justifiable reliance on misrepresentation. *Biscayne Inv. Group v. Guarantee Mgmnt. Servs., Inc.*, 903 So.2d 251, 255–56 (Fla. 3d DCA 2005); *see also Tiara Condominium Ass'n v. Marsh & McLennan Companies, Inc.*, 607 F.3d 742, 747 (11th Cir.2010) (identifying elements under Florida law).

advertisement vis-a-vis the safety of Nassau.[8] Accordingly, if Plaintiffs so elect, they may file Amended Complaints within twenty days, stating sufficient factual bases for holding Defendant liable for Misleading Advertising.[9]

### iii. Count Three: Negligent Misrepresentation

■ As to Count III, Plaintiffs would seek to hold Defendant liable for the injuries they suffered on the basis that Defendant was required to "fully vet[ ] and [ ] vouch for the safety record of its tour operators." Plaintiffs claim that Defendant breached this duty in permitting their robbery at gunpoint.

On review, the Courts finds that Plaintiffs' broad allegations as to the nature of the alleged misrepresentations are insufficient to state a cause of action for negligent misrepresentation. Indeed, for the same reasons that Plaintiffs' Complaints fails to plead with particularity Defendant RCL's knowledge of the likelihood of danger during the Caribbean Segway Tours, Plaintiffs' Complaints alleging negligent misrepresentation must fail. Notwithstanding their allegation that Defendant Royal Caribbean researched the excursion, there are no allegations to support an imposition of liability upon Defendant for the safety record of the tour operators where there are no allegations—aside from the occurrence of robbery in this instance—that would have indicated that the excursion itself was unsafe in this instance. Quite simply, Plaintiffs have alleged no factual bases that would support a claim of liability against Defendant due to the danger of a capital city such as Nassau. Therefore, the Court finds that Count III of both Complaints shall be dismissed without prejudice to amend if Plaintiffs so elect.

### iv. Count Four: Apparent Agency

[6] In Count IV, Plaintiffs allege that "Defendant held out the owners and/or operators of the Caribbean Segway Tours as its apparent agent," and that Defendant is thus liable under the theory of apparent agency. As proof, Plaintiffs point to onboard advertisements as to the availability and safety of shore excursions, as well as Defendant's failure to identify Caribbean Segway Tours as "the owner/operator any time when the excursions were being marketed ..." Ultimately, Plaintiffs concludes that "[a]s a result of these numerous and pervasive representations, the Plaintiff had a reasonable belief that the 'Caribbean Segway Nature Tour' operator had the authority to act for the benefit of Defendant."

As basis for dismissal, Defendant argues that the respective Complaints allege no facts regarding agency. So, according to Defendant, "Plaintiff's Complaint merely alleges that RCCL allowed the shore excursion operator to promote itself as RCCL's agent ..." (DE # 1 ¶ 61). Furthermore, Defendant would have this Court dismiss Count IV on the basis of the ticket contract signed by Plaintiffs upon boarding the Navigator, which Defendant contends expressly advised all guests that excursion operators were independent contractors who worked directly for the guests, rather than for Defendant Royal Caribbean. (DE # 11 at 11).

---

8. Moreover, to the extent that Plaintiffs seem to allege that the excursion itself due to the robbery was neither "fun" nor "family friendly" (Case No. 10–24373 DE # 1 ¶ 39; Case No. 10–24371 DE # 1 ¶ 39), such representations may qualify as "mere puffery."

9. At this time, the Court shall not address Defendant's argument regarding the unavailability of a claim for misleading advertising insomuch as it conflicts with maritime law, as this issue would be better raised upon motion for summary judgment.

Upon consideration, the Court finds that, as drafted, Count IV of Plaintiffs' Complaints does not state a valid cause of action. It is well settled that it takes more than a mere restatement of elements to state a cause of action under Florida law. Aside from those elements, however, the Complaints state no factual support for apparent agency. So, for instance, while the Complaints allege that "[t]he Defendant held out the owners and/or operators of the Caribbean Segway Tours as its apparent agent" (Case No. 10–24373 DE # 1 ¶ 61; Case No. 10–24371 DE # 1 ¶ 61), there are no factual allegations to substantiate these claim. As a matter of law, Defendant RCL's failure to deny an agency relationship as Plaintiffs allege cannot support a claim for agency. Indeed, for an apparent agency relationship to exist between the parties and for Defendant RCL to be held liable as the principal, the Caribbean Segway Tour must have been held out by Royal Caribbean as an agent.

There is no factual support for such a conclusion here.[10] Without any actions by Defendant RCL which manifested an apparent agency relationship, Count IV of both Complaints must fail.

### v. Count V: Actual Agency

■ Additionally, Plaintiffs contend under Count V that Defendant is liable for the acts of its agent, Caribbean Segway Tours. According to Plaintiffs, "it is custom in the cruise line industry for the cruise line operator ... to enter into a contract with the excursion operator ... which provides the cruise line operator with extensive control over the excursion operator's day-to-day operations." Plaintiffs broadly allege that Defendant acted as the principal for the shore excursion operator and that the excursion operator

acknowledged that status "either directly or indirectly." Defendant moves for dismissal on the basis that Plaintiff has done no more than plead the elements of agency without providing any underlying factual basis.

It is obvious that, for actual agency to exist, there must be an agency relationship between the parties. Here, like with Plaintiffs' earlier allegations regarding the apparent authority of RCL to act on behalf of Caribbean Segway Tours, there is a dearth of factual allegations supporting any agency relationship. As correctly noted by Defendant, "Plaintiff has failed to show that [RCL] acknowledged that [Caribbean Segway Tours] will act for it, that the shore excursion operator accepted such an undertaking, or that [RCL] had any control over the shore excursion operator's actions." (DE # 11 at 13). Instead, Plaintiffs Ashfield and Koens broadly allege that "Defendant acknowledged that Caribbean Segway Tours acted for Defendant; Caribbean Segway Tours accepted that undertaking; and Defendant exercised or retained the right to exercise control over Caribbean Segway Tours's actions." (Case No. 10–24373 DE # 1 ¶ 70; Case No. 10–24371 DE # 1 ¶ 70). In the absence of factual allegations, as opposed to legal conclusions, that would demonstrate actual agency, however, such a claim cannot be permitted. *See also Fojtasek v. NCL (Bahamas) Ltd.,* 613 F.Supp.2d 1351, 1357 (S.D.Fla.2009). Accordingly, Count V of Plaintiffs' Complaint will be dismissed without prejudice to file an Amended Complaint within 30 days if Plaintiffs are so advised.

### vi. Count VI: Breach of Third–Party Beneficiary Contract

■ In support of their claim for breach of third-party contracts between Defen-

---

**10.** The Court reserves ruling on whether Plaintiff can demonstrate "reasonable reliance" at this time, as the record is insufficiently developed at this juncture to make such a determination.

dant RCL and Caribbean Segway Tours, Plaintiffs allege that a contract exists between those individuals and that Plaintiffs were the intended third-party beneficiaries. Plaintiffs provide no factual underpinning for such a claim, however, as Count VI is devoid of any specific factual allegations regarding either the alleged contract, or Plaintiffs' status as intended third-party beneficiaries. Again, Plaintiffs' allegations are simply unsupported legal conclusions. Such conclusions cannot serve as the basis for recovery. Therefore, Count VI of both of Plaintiffs' Complaints must be dismissed at this time.

### vii. Count VII: Negligent Infliction of Emotional Distress

 Finally, Plaintiffs purports to state a claim for negligent infliction of emotional distress against Defendant in Count V of their Complaints. They allege that "Defendant recklessly and negligently sold Plaintiff[s] tickets for a sore excursion located in a dangerous, high crime area without providing security and without warning Plaintiff[s] of the dangers that might be encountered on the shore excursion." As a result of Defendant's negligence, Plaintiffs suffered "severe and extreme emotional distress, which distress manifested itself physically."

 Courts use the "zone of danger" test in determining whether a claim exists for negligent infliction of emotional distress. *Hutton v. Norwegian Cruise Line Ltd.,* 144 F.Supp.2d 1325, 1327–28 (S.D.Fla.2001); *Williams v. Carnival Cruise Lines, Inc.,* 907 F.Supp. 403, 405 (S.D.Fla.1995); *Chan v. Society Expeditions, Inc.,* 39 F.3d 1398, 1409 (9th Cir. 1994). Therein, a plaintiff must plead that he suffered an emotional injury after suffering a physical impact, which was caused by defendant's negligence. *See Tassinari v. Key West Water Tours, L.C.,* 480 F.Supp.2d 1318, 1324–25 (S.D.Fla.2007).

Upon consideration of the parties' legal arguments in regard to this type of claim, the Court finds that Plaintiffs have not stated a claim for negligent infliction of emotional distress. Plaintiffs state only that "Defendant recklessly and negligently sold Plaintiffs tickets for a shore excursion located in a dangerous, high-crime area without providing security and without warning Plaintiffs of the dangers that might be encountered ..." (Case No. 10–24373 DE # 1 ¶ 87; Case No. 10–24371 DE # 1 ¶ 87). As noted above, these allegations are insufficient to demonstrate negligence on the part of Defendant RCL. Mere knowledge of the danger of an area as large as Nassau cannot, *ipso facto,* impose liability.[11] Since that is apparently the only basis Plaintiffs provide to impose liability, there allegations are insufficient to state a claim for negligent infliction of emotional distress.

### IV. Conclusion

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that;

1. The Clerk shall **CONSOLIDATE** the two above-styled matters for all pre-trial proceedings.

2. Defendant's Motion to Dismiss (DE # 11) in Case No. 10–24373 be, and the same, is hereby **GRANTED.** If Plaintiff Ashfield elects to amend the Complaint, the Amended Complaint shall be **FILED** in accordance

---

11. The Court finds Defendant RCL's argument regarding the intervening act of robbery premature at this time.

with the instructions set forth in the opinion, **within twenty days.**

3. Defendant's Motion to Dismiss (DE # 10) in Case No. 10–24371 be, and the same, is hereby **GRANTED.** If Plaintiff Koens elects to amend the Complaint, the Amended Complaint shall be **FILED** in accordance with the instructions set forth in the opinion, **within twenty days.**