Cheryl HELLER, Plaintiff,

v.

CARNIVAL CORPORATION,
et al., Defendants.

CASE NO. 15–24464–CIV–
ALTONAGA/O'Sullivan

United States District Court,
S.D. Florida.

Signed March 16, 2016

Jacqueline Garcell, Jason Robert Margulies, Lipcon, Margulies, Alsina, Winkleman, P.A., Miami, FL, for Plaintiff.

Darren Wayne Friedman, Jeffrey Eric Foreman, Jenna Francine Gushue, Foreman Friedman, PA, Carlos Javier Chardon, Hamilton, Miller & Birthisel, LLP., Miami, FL, for Defendants.

## ORDER

CECILIA M. ALTONAGA, UNITED STATES DISTRICT JUDGE

**THIS CAUSE** came before the Court on Defendant, Carnival Corporation's ("Carnival['s]") Motion to Dismiss Plaintiff's Complaint ("Motion") [ECF No. 25] filed January 12, 2016. Plaintiff, Cheryl Heller ("Plaintiff") filed a Response ... ("Response") [ECF No. 31] on January 28, 2016; and Defendant filed its Reply ... ("Reply") [ECF No. 40] on February 8, 2016. The Court has carefully reviewed the parties' written submissions, the record, and applicable law.

## I. BACKGROUND [1]

On January 1, 2015, Plaintiff was a passenger aboard Carnival's ship, the *Carnival Magic*. (*See* Compl. [ECF No. 1] ¶ 12). Carnival offered passengers aboard the *Carnival Magic*, including Plaintiff, the op-

portunity to participate in various shore excursions, including an excursion entitled "See Nassau the Fun Way on a Segway!" ("Segway Tour"). (*See id.* ¶¶ 11, 14). Carnival arranged for, sponsored, recommended, operated, marketed and/or sold the Segway Tour. (*See id.* ¶ 19). The Segway Tour, as well as other shore excursions available to passengers of the *Carnival Magic*, was advertised to passengers via Carnival's website and promotional materials, including brochures bearing Carnival's logo. (*See id.* ¶ 13). Onboard the *Carnival Magic*, Carnival had an excursion desk that provided passengers with recommendations for excursions and sold tickets for the excursions, including the Segway Tour. (*See id.* ¶¶ 15, 16). Plaintiff purchased a ticket for the Segway Tour, and Carnival represented to Plaintiff: (1) the Segway Tour was safe; (2) the Segways were easy to operate; and (3) the Segways would pose no safety issues for Plaintiff. (*See id.* ¶¶ 16, 18).

Carnival handled the arrangements regarding the Segway Tour, including charging for the tour, collecting payment, and providing receipt of purchase, but did not inform Plaintiff the tour was operated by the Defendants, Caribbean Segway Tours, LLC ("Caribbean Segway Tours") and/or XYZ Corporation(s) (together, "Excursion Entities"). (*See id.* ¶ 22). Prior to Plaintiff's actual participation in the Segway Tour, Plaintiff interacted exclusively with Carnival regarding the tour. (*See id.*). Indeed, Carnival recommended passengers not engage in excursions not sold through Carnival. (*See id.*). Based on Carnival's actions, Plaintiff believed the Excursion Entities' personnel were the employees and/or agents of Carnival, and she relied on this fact in choosing to participate in the Seg-

1. When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Urquilla–Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015).

way, Tour. *(See id.* ¶ 23). Carnival is the owner or co-owner of, partner in, or part of a joint venture regarding, the Segway Tour. *(See id.* ¶¶ 24–25).

Plaintiff participated in the Segway Tour in Nassau, Bahamas, on January 1, 2015. *(See id.* ¶ 19). Transportation to the Segway Tour location and back to the *Carnival Magic* was included in the Segway Tour purchased by Plaintiff. *(See id.* ¶ 20). While participating in the Segway Tour, Plaintiff and another participant in the tour collided with one another. *(See id.* ¶ 21). As a result of the collision, Plaintiff suffered severe injuries. *(See id.).*

Following Plaintiff's injuries, Plaintiff filed the instant suit against Carnival and the Excursion Entities. *(See generally id.).* Plaintiff asserts the following claims against Carnival: Negligence (Count I); Negligence Based on Apparent Agency or Agency by Estoppel (Count III); Negligence Based on Joint Venture Between Carnival and the Excursion Entities (Count IV); and Third–Party Beneficiary (Count V). *(See generally id.).*[2] In support of Count V, Plaintiff states: (1) Carnival and the Excursion Entities entered into a contract to provide excursions *(see id.* ¶ 63); (2) the contract "clearly manifested the intent of the contracting parties that the contract primarily and directly benefit the third-party plaintiff by requiring the Excursion Entities to maintain insurance and/or exercise reasonable care" *(id.* ¶ 64); and (3) the contract was breached by Carnival and the Excursion Entities by failing to provide a safe excursion and failing to adequately inspect and/or monitor excursion providers *(see id.* ¶ 65). Carnival

moves to dismiss all claims against it. *(See generally* Mot.).

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* (alteration added) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678, 129 S.Ct. 1937 (alteration added) (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca–Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citation omitted), *abrogated on other grounds by Mohamad v. Palestinian*

---

**2.** Count II alleges a negligence claim against the Excursion Entities only. *(See* Compl. ¶¶ 36–42). On January 28, 2016, Caribbean Segway Tours filed a Motion to Dismiss for Lack of Personal Jurisdiction ("CST Motion") [ECF No. 32]. On February 2, 2016, the Court entered an Order [ECF No. 39] terminating the CST Motion to allow the parties to engage in jurisdictional discovery. Consequently, this Order deals only with the claims against Carnival.

*Auth.*, 566 U.S. 449, 132 S.Ct. 1702, 182 L.Ed.2d 720 (2012).

### III. ANALYSIS [3]

Carnival argues Plaintiff: (1) seeks to impose heightened duties of care upon Carnival; (2) fails to allege sufficient facts to support a failure-to-warn claim; (3) fails to plead a *prima facie* case for negligent selection and retention; (4) fails to state a claim for negligent misrepresentation; (5) cannot hold Carnival liable on a theory of apparent agency or agency by estoppel; (6) fails to allege sufficient facts to support a claim of joint venture; and (7) fails to allege an intent by Carnival and the Excursion Entities to benefit Plaintiff. (*See generally* Mot.).

### A. Negligence Claim (Count I)

■ To properly plead a negligence claim, a plaintiff must allege four elements: "(1) a legal duty on the defendant to protect the plaintiff from particular injuries; (2) the defendant's breach of that duty; (3) the plaintiff's injury being actually and proximately caused by the breach; and (4) the plaintiff suffering actual harm from the injury." *Belik v. Carlson Travel Grp., Inc.*, 864 F.Supp.2d 1302, 1308 (S.D. Fla. 2011) (internal quotation marks and citation omitted).

■ Carnival owes its passengers a duty of "reasonable care under the circumstances." *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959) (holding "the owner of a ship in navigable waters owes to all who are on board . . . the duty of exercising reasonable care under the circumstances of each case" (alteration added)). A carrier's duty of reasonable care includes a duty to warn "of dangers known to the carrier in places where the passenger is invited to, or may reasonably be expected to visit." [4] *Carlisle v. Ulysses Line Ltd., S.A.*, 475 So.2d 248, 251 (Fla. 3d DCA 1985); *see also Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (citing *Carlisle* with approval).

In her Complaint, Plaintiff claims a laundry list of ways in which Carnival allegedly breached the duty of reasonable care. (*See* Compl. ¶ 32). Carnival argues many alleged breaches "are premised on duties over and above warning of specific, known dangers." (Mot. 3). Carnival then goes on to focus much of its argument regarding Count I on Plaintiff's failure to adequately plead Carnival's: (1) negligent failure to warn; (2) negligent selection and retention; and (3) negligent misrepresentation. (*See* Mot. 5–13). While Plaintiff

3. Plaintiff alleges this action arises from the Court's diversity jurisdiction or, in the alternative, maritime jurisdiction. (*See* Compl. ¶ 5). Whether asserting claims via diversity or maritime jurisdiction, admiralty law applies to this action. *See Diesel "Repower", Inc. v. Islander Invest. Ltd.*, 271 F.3d 1318, 1322 (11th Cir. 2001) (citing *Everett v. Carnival Cruise Lines*, 912 F.2d 1355 (11th Cir. 1990)).

4. Carnival argues "the *only* duty owed by Carnival is to warn of specific dangers of which it is aware or should be aware." (Mot. 4 (emphasis added)). This is a slight misstatement of the law. While generally the duty to warn is the most relevant duty regarding off-vessel excursions, a cruise ship might have additional obligations under the "reasonable

care" standard, if, for example, there is an agency relationship between the cruise ship and the excursion operator. *See Nielsen v. MSC Crociere, S.A.*, No. 10–62548–CIV, 2011 WL 12882693, at *4–6 (S.D. Fla. June 24, 2011) (declining to dismiss a negligence claim against a cruise company where plaintiff's wife died during a scuba diving excursion, and plaintiff claimed the defendant cruise company owed numerous duties to his wife arising out of its relationship with the excursion operator; and noting "which alleged duties may ultimately apply to Defendants will depend on which theories of liability (*i.e.*, partnership, agency—actual or apparent, common carrier liability) that Plaintiff is able to prove").

challenges Carnival's contention that she seeks to impose heightened duties (*see* Resp. 3–8), Plaintiff likewise focuses her Response on the same three breaches (*see id.* 8–13). Accordingly, the Court begins by analyzing whether Plaintiff has adequately pleaded Carnival's negligent failure to warn, negligent selection and retention, and negligent misrepresentation.

### i. Negligent Failure to Warn

Carnival contends Plaintiff has "failed to allege any facts from which it may be inferred that Carnival either knew or should have known of any dangerous or unsafe condition associated with the excursion tour." (Mot. 7 (emphasis omitted)). As a prerequisite to liability, a defendant must have actual or constructive notice of the condition that created the risk to the passenger. *See Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989) (finding the duty of care owed by a shipowner to its passengers is "ordinary reasonable care under the circumstances . . . which requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition" (alteration added)); *Smolnikar v. Royal Caribbean Cruises Ltd.*, 787 F.Supp.2d 1308, 1322 (S.D. Fla. 2011) (quoting same).

Plaintiff argues Carnival knew or should have known of the unsafe conditions because "Carnival's inspections should have revealed the hazards that the excursion posed to cruise passengers . . . . Further, the Plaintiff anticipates that discovery will reveal that, prior to the Plaintiff's accident, other cruise ship passengers were also injured participating in the same shore excursion." (Resp. 9 (emphasis omitted; alteration added) (quoting Compl. ¶ 34)). Carnival complains that "Plaintiff . . . intends to use discovery to find a factual basis to support her conclusory allegations." (Reply 2 (alteration added)).

Taking the allegations in the Complaint as true, Plaintiff claims: (1) Carnival sold tickets for, advertised, approved, marketed and/or operated the Segway Tour; (2) Carnival represented to her the Segway Tour was safe, and the Segways were easy to operate; (3) Carnival knew or should have known, based on inspections, of the possible dangers of the Segway Tour; (4) Plaintiff embarked on the Segway Tour; and (5) Plaintiff was injured during the Segway Tour when she and another participant collided. (*See generally* Compl.). These facts adequately establish a claim for negligence based on a failure to warn. *See Chaparro,* 693 F.3d at 1337. Specifically, Plaintiff's allegation Carnival should have become aware of the risk-creating condition during inspections of the Excursion Entities (*see* Compl. ¶ 34), is sufficient regarding Carnival's actual or constructive notice of the risk-creating condition. *See Chaparro,* 693 F.3d at 1337 (reversing the district court and finding failure to warn adequately pleaded where the plaintiff alleged: "Carnival knew or should have known of these dangers because Carnival monitors crime in its ports of call").[5]

---

5. Plaintiff's allegation about prior injuries is unnecessary to establish her claim. Indeed, "[a]s a practical matter, a personal injury plaintiff is often unaware of specific facts demonstrating that the defendant knew or should have known of a dangerous condition at the time a lawsuit is filed, before taking discovery." *Ash v. Royal Caribbean Cruises Ltd.*, No. 13–20619–CIV, 2014 WL 6682514, at *6 (S.D. Fla. Nov. 25, 2014) (alteration added). Discovery will sometimes result in a plaintiff obtaining "evidence that the defendant was aware of prior injuries occurring under similar circumstances." *Id.* Plaintiff has put forth enough at this juncture to allow her to move forward with discovery on this Count. In the end, it may not be true Carnival knew or should have known about the dangers concerning the Segway Tour; that question, however, is more appropriate for summary judgment or trial. *See id.* at *5.

Carnival relies on *Gayou v. Celebrity Cruises, Inc.*, No. 11–23359–Civ., 2012 WL 2049431 (S.D. Fla. June 5, 2012). (*See* Mot. 7). *Gayou* is distinguishable. First, the *Gayou* court held the plaintiff had failed to allege "any facts from which it may be inferred that Celebrity either knew or should have known of any dangerous or unsafe condition." *Id.* at *5 (emphasis omitted). By contrast, Plaintiff alleges Carnival knew or should have known, based on inspections when approving the Segway Tour, of the possible dangers the excursion presented. (*See* Compl. ¶ 34). This simple factual allegation is similar to the allegation found sufficient by the Eleventh Circuit in *Chaparro*—decided after *Gayou*. *Compare Chaparro*, 693 F.3d at 1336, *with* (Compl. ¶ 34).[6]

Carnival also contends failure to warn is inadequately pleaded because the dangers of riding a Segway are open and obvious. (*See* Mot. 5–6, 8). Specifically, Carnival argues the "potential for a collision with another Segway driver would have been open and obvious to Plaintiff through the ordinary use of her own senses." (*Id.* 5). Plaintiff does not address this argument, except to call it a "blatant oversimplification." (Resp. 8).

The Court begins by noting nearly all of the cases cited by Carnival involve motions for summary judgment rather than motions to dismiss. This is unsurprising, as at least some courts in this District have held the resolution of whether a danger is open and obvious should wait until after a factual record is developed. *See Prokopenko v. Royal Caribbean Cruises Ltd.*, No. 10–20068–CIV, 2010 WL 1524546, at *2 (S.D. Fla. Apr. 15, 2010) ("[T]he open and obvious question requires a context specific inquiry and necessitates development of the factual record before the Court can decide whether, as a matter of law, the danger was open and obvious." (internal quotation marks omitted; alteration added)); *see also Joseph v. Carnival Corp.*, No. 11–20221–CIV, 2011 WL 3022555, at *4 (S.D. Fla. July 22, 2011) (quoting same). The Court agrees, especially considering the fact a danger is open and obvious is not necessarily a total bar to recovery. *See Belik*, 864 F.Supp.2d at 1309 ("[E]ven when a person engaging in a noncontact sport such as diving knows of an open and obvious danger, the person may still recover damages under the principles of comparative negligence if the elements of the tort have been proven." (internal quotation marks and citation omitted; alteration in original)).

Moreover, the cases Carnival cites do not concern Segway accidents. That courts have found the presence of animals in the rainforest, *see Isbell v. Carnival Corp.*, 462 F.Supp.2d 1232, 1238 (S.D. Fla. 2006), the presence of wet algae on rocks during a climb, *see Corby v. Kloster Cruise Limited*, No. C–89–4548 MHP (ARB), 1990 WL 488464, at *2 (N.D. Cal. 1990), the dangers of drowning in the ocean, *see Balachander v. NCL Ltd.*, 800 F.Supp.2d 1196, 1203 (S.D. Fla. 2011), or other dangers "open and obvious" fails to persuade the Court the danger of collision while on a Segway

---

6. Carnival's reliance on *Koens v. Royal Caribbean Cruises, Ltd.*, 774 F.Supp.2d 1215 (S.D. Fla. 2011), fails to persuade for similar reasons. *See id.* at 1220 ("Here, there are no allegations in either of the Complaints that RCL knew or should have known of dangerous conditions on either the Caribbean Segway Tour or on the grounds of Earth Village Nature Preserve."). The *Koens* court found the plaintiffs' allegation of "actual knowledge of crimes against tourists in Nassau, as a group of passengers on a Defendant-sponsored Nassau excursion were robbed at gunpoint approximately one month prior to the subject incident" insufficient to trigger a duty. *Id.* (citation omitted). This holding is somewhat at odds with *Chaparro*, which is controlling, and Plaintiff's allegations here more closely resemble *Chaparro* than *Koens* in any event.

is open and obvious. The two most analogous cases, *John Morrell & Co. v. Royal Caribbean Cruises, Ltd.*, 534 F.Supp.2d 1345 (S.D. Fla. 2008), and *Byrnes v. Honda Motor Co., Ltd.*, 887 F.Supp. 279 (S.D. Fla. 1994) (*see* Mot. 5–6), were decided on summary judgment. Additionally, it is not clear from the Complaint riding a Segway is sufficiently analogous to riding a dune buggy or a motorcycle, both of which may more closely resemble automobiles and the kinds of dangers "most people in the United States become familiar with [ ] in their everyday lives." *John Morrell*, 534 F.Supp.2d at 1351 (alteration added).[7] The Court will not resolve this issue on the present record.

### ii. Negligent Selection and Retention

Carnival asserts: "To the extent Count I of Plaintiff's Complaint purports to bring a claim for negligent hiring and retention, it should be dismissed." (Mot. 9). As mentioned, Plaintiff argues she has not asserted different duties or claims (notably, she has only asserted one negligence count against Carnival (*see generally* Compl.)), but rather "specific ways in which Carnival breached the duty of reasonable care." (Resp. 6 (emphasis omitted)). Having found Plaintiff has adequately pleaded a claim for negligent failure to warn, the Court declines to address Plaintiff's additional alleged breaches in line-item fashion. *See Holguin v. Celebrity Cruises, Inc.*, No. 10–20215–CIV, 2010 WL 1837808, at *1–2 (S.D. Fla. May 4, 2010).

### iii. Negligent Misrepresentation

 Despite the Court's declination to strike the additional alleged breaches in line-item fashion, it will make an exception for the alleged breach of negligent misrep-

resentation. (*See* Compl. ¶ 32p). The Court does so because the allegation is so facially deficient. Claims for negligent misrepresentation must be pleaded with particularity under Federal Rule of Civil Procedure 9(b). *See Holguin*, 2010 WL 1837808, at *1. To comply with Rule 9(b), Plaintiff must allege "precisely what statements were made . . . plus the time and place of each statement and the person responsible for making . . . same, plus the content of such statements and the manner in which they misled the Plaintiff." *Gayou*, 2012 WL 2049431, at *7 (internal quotation marks omitted; alterations added) (quoting *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001)). To this end, Plaintiff merely states: "At all times material hereto, Carnival represented to the Plaintiff that the Segway tour was safe, that the Segways were easy to control and operate, and that the Segways would provide no safety issues for the Plaintiff." (Compl. ¶ 18). This allegation, at minimum, fails to state: (1) who made these statements, (2) when they were made, (3) what exactly was stated, and (4) where the statements were made.[8]

Plaintiff offers no rebuttal to these deficiencies. Rather, Plaintiff's argument can be summarized as follows: "Plaintiff does not have a separate cause of action for negligent misrepresentation." (Resp. 13). This will not do. Plaintiff cannot hide a cause of action which requires heightened pleading within a general negligence claim in order to avoid the pleading requirements of Rule 9(b). To allow the claim to stand because it is not a stand-alone claim but rather an alleged breach of the ordi-

---

7. Notably, the plaintiff in *John Morrell* conceded a dune buggy was substantially similar to an automobile. *See* 534 F.Supp.2d at 1351. No such concession has occurred here.

8. Plaintiff is not necessarily required to identify the exact Carnival employee responsible for making any oral misrepresentations. *See Weitz v. Celebrity Cruises, Inc.*, Nos. 10–20267–CIV, 10–20268–CIV, 2010 WL 1882127, at *1 n.1 (S.D. Fla. May 11, 2010).

nary duty of care would be an end-run around Rule 9(b).

### B. Agency–Based Negligence Claims (Count III)

 Under federal maritime law, a defendant can be vicariously liable for actions of its apparent agents. *See Smolnikar*, 787 F.Supp.2d at 1324 (citing *Archer v. Trans/Am. Servs., Ltd.*, 834 F.2d 1570, 1573 (11th Cir. 1988)). Apparent agency is established when: (1) the alleged principal causes, through some manifestation, a third party to believe an alleged agent has authority to act for the benefit of the principal; (2) such belief is reasonable; and (3) the third party reasonably acts on such belief to her detriment. *See id.* at 1324.

 Carnival argues Plaintiff has failed to adequately allege apparent agency because "Carnival specifically advises passengers that shore excursion operators are independent contractors" via a ticket contract provided to passengers when they board a ship. (Mot. 14). Carnival also points to the excursion ticket for the Segway Tour ("Excursion Ticket"), which it contends "apprises Plaintiff that the operator of the subject shore excursion was an independent contractor." (*Id.* 15). Carnival provides a copy of Plaintiff's Excursion Ticket with its Motion, but only attaches an "exemplar" of the ticket contract. (*See id.* 14–15; *see also* [ECF Nos. 25–1, 25–2]).

Plaintiff insists the Court should not consider the documents submitted by Defendant and should instead rest its decision on the four corners of the Complaint. (*See* Resp. 14). Generally, courts do not consider anything beyond the face of the complaint and documents attached thereto when ruling on a motion to dismiss. *See Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007). Nevertheless, courts may consider a document not attached to the complaint where: (1) the plaintiff's complaint refers to the document; (2) the document is central to the plaintiff's claim; (3) its contents are not in dispute; and (4) the defendant attaches the document to its motion to dismiss. *See id.* The Court will not consider the exemplar ticket contract, as Plaintiff does not refer to it anywhere in her Complaint.[9] (*See generally* Compl.). Defendant does not address this in its Reply. (*See generally* Reply).

Curiously, Plaintiff only discusses the exemplar ticket contract and not the Excursion Ticket. (*See generally* Resp.). Regarding the Excursion Ticket, the Complaint does reference it, although in passing. (*See* Compl. ¶ 16). Defendant argues the Excursion Ticket is central to Plaintiff's claims and cites *Wajnstat v. Oceania Cruises, Inc.*, Case No. 09–21850–Civ, 2011 WL 465340 (S.D. Fla. Feb. 4, 2011), as an "analogous" case, without further explanation. (Reply 5). *Wajnstat* did not analyze whether the ticket contract in that case was central to the plaintiff's claim. *See id.* at *4 n.2. Rather, it only states the ticket contract is central to the plaintiff's claim in a footnote, without any analysis. *See id.*[10] Moreover, Defendant does nothing to distinguish the cases Plaintiff cites, which more directly deal with the issue. *See*

9. As Plaintiff's Complaint does not refer to it, the document is not central to her claim, which is a claim sounding in tort rather than contract. *See Gentry v. Carnival Corp.*, No. 11–21580–CIV, 2011 WL 4737062, at *5 (S.D. Fla. Oct. 5, 2011). Moreover, Plaintiff disputes the exemplar. (*See* Resp. 15).

10. *Hajtman v. NCL (Bahamas) Ltd.*, 526 F.Supp.2d 1324 (S.D. Fla. 2007), is also unpersuasive on this point. In *Hajtman*, the ticket contract was attached to the complaint. *See id.* at 1329.

*Gentry*, 2011 WL 4737062, at *5 ("Gentry does not assert any breach of contract claims against Carnival. Instead, she asserts claims based on tort theories. As such, the ticket contract is not essential or integral to her claims[;] rather, it is part of Carnival's defenses." (alteration added)); *Belik*, 864 F.Supp.2d at 1310 (finding ticket contract not central to plaintiff's claims based on actual agency because "[w]hile Plaintiff refers to the ticket contract ..., he does not rely on [it]" (alterations added; emphasis omitted)); (*see also* Resp. 15). Thus, the Court will not consider the Excursion Ticket.[11]

In support of her apparent agency claim, Plaintiff asserts: (1) Carnival allowed its name to be used in advertising of the Excursion Entities; (2) Carnival handled the arrangements of the Segway Tour; (3) Carnival marketed the Segway Tour using Carnival's company logo on its website and on brochures; (4) Carnival sold, provided information, and answered questions regarding the Segway Tour through its excursion desk; (5) Carnival recommended Plaintiff not participate in other excursions; (6) Plaintiff relied on Carnival's actions and/or statements; and (7) Plaintiff would not have participated in the Segway Tour if she had known it was not operated by Carnival. (*See* Compl. ¶¶ 45–48). These allegations are sufficient. *See, e.g., Ash*, 2014 WL 6682514, at *7 (similar allegations sufficient).

Carnival's most factually analogous case, *Gayou*, to which it dedicates half a page of its Reply, is actually unhelpful. (*See* Reply 6). Based on an apparent misreading of the case, Carnival asserts: "In finding the plaintiff properly plead sufficient facts to support an apparent agency theory, the court nevertheless dismissed plaintiff's claims because the contract between Celebrity and the excursion company shows, as a matter of law, that no actual relationship was formed." (*Id.* 6 (internal quotation marks and citations omitted)).[12] Carnival's representation is not what *Gayou* held. *See Gayou*, 2012 WL 2049431, at *9 ("Therefore, the apparent agency count will not be dismissed. The Court reaches the opposite conclusion as to the claim for actual agency ...." (alteration added)). Instead, *Gayou* denied the motion to dismiss with regard to the apparent agency count where the plaintiff alleged facts similar to those asserted in the instant case. *See id.* at *8–10, 12. Count III survives the Motion.[13]

## C. Joint Venture–Based Negligence Claims (Count IV)

Plaintiff also alleges a claim of negligence based on joint venture between Carnival and the Excursion Entities. (*See* Compl. ¶¶ 51–62). To plead negligence based on a joint-venture theory, Plaintiff must allege: "(1) a community of interest in the performance of a common purpose; (2) joint control or right of control; (3) a

---

11. Other cases Carnival cites that consider documents other than the complaint involve motions for summary judgment. *See, e.g., Smolnikar*, 787 F.Supp.2d at 1310; *Wolf v. Celebrity Cruises, Inc.*, 101 F.Supp.3d 1298 (S.D. Fla. 2015). Moreover, *Peterson v. Celebrity Cruises, Inc.*, 753 F.Supp.2d 1245 (S.D. Fla. 2010), did not mention, let alone discuss, whether the ticket contract was central to the plaintiff's claims.

12. Even if the Court were to find the Excursion Ticket central to Plaintiff's claim, *Gayou*

suggests it should not be considered for a claim based on apparent agency. *See Gayou*, 2012 WL 2049431, at *8–9 (considering a contract between the cruise line and excursion company when analyzing a claim based on actual agency but not during analysis of claim based on apparent agency).

13. Finding Plaintiff has alleged sufficiently a claim based on apparent agency, the Court need not decide whether the claim also survives on an agency by estoppel theory.

joint proprietary interest in the subject matter; (4) a right to share in the profits; and (5) a duty to share in any losses which may be sustained." *Skeen v. Carnival Corp.*, No. 08–22618–CIV, 2009 WL 1117432, at *3 n.3 (S.D. Fla. Apr. 24, 2009) (internal quotation marks and citations omitted).

Defendant argues Plaintiff fails to support her claim with any factual basis. (*See* Mot. 18). Additionally, it attaches a purported agreement between Carnival and Caribbean Segway Tours that it insists "clearly states that the shore excursion operator will act as an independent contractor and that the parties will not be joint venturers." (*Id.* (emphasis omitted); *see also* Standard Shore Excursion Independent Contractor Agreement ("Tour Operator Agreement") [ECF No. 25–3] ).

According to Plaintiff, the Court should not consider the Tour Operator Agreement because the contract attached to the Motion is not between Carnival and Caribbean Segway Tours but rather some unrelated entity named Dolphin Discovery Anguilla. (*See* Resp. 22). The Court agrees. Defendant, without acknowledging the apparent mistake, attaches an agreement naming Caribbean Segway Tours to its Reply (*see* Standard Shore Excursion Independent Contractor Agreement ("CST Agreement") [ECF No. 40–5] ), and again makes the same arguments. One of the factors in determining whether a court may consider a document outside the pleadings is whether the document is attached to a motion to dismiss, not a reply. *See Fin. Sec. Assurance*, 500 F.3d at 1284.

Because Carnival failed to attach the proper agreement to its Motion, Plaintiff lacked the opportunity to examine and respond to the agreement naming Caribbean Segway Tours. To consider the document now would "allow [Carnival] to have [its] cake and eat it too." (Reply 8 n.6 (alterations added)); *see also Ash*, 2014 WL 6682514, at *9 (declining to consider tour operator agreement, in part because it was attached to the defendant's reply rather than its motion).[14]

Turning to the elements of the claim, Plaintiff adequately pleads a joint venture relationship. Plaintiff alleges: (1) Carnival and the Excursion Entities entered into an agreement, whereby Carnival would sell tickets for the Segway Tour and the Excursion Entities would operate it for the common purpose of operating the Segway Tour at a profit; (2) Carnival, among other things, arranged for, sponsored, and marketed the Segway Tour; (3) Carnival split the fee charged to passengers for participating in the Segway Tour with the Excursions Entities; (4) Carnival and the Excursion Entities had and/or shared control over aspects of the Segway Tour; (5) Carnival had an interest in arranging, sponsoring, recommending, and advertising the Segway Tour, and the Excursion Entities had an interest in the time and labor expended in operating the Segway Tour; and (6) Carnival and the Excursion Entities shared any losses incurred by the Segway Tour. (*See* Compl. ¶¶ 52–59). These allegations are sufficient. *See Ash*, 2014 WL 6682514, at *9 (similar facts sufficient);

14. Any agreement between Caribbean Segway Tours and Carnival is not necessarily central to Plaintiff's claims. A joint venture can be found despite a prior contract to the contrary where subsequent conduct of the parties creates such a relationship. *See Ash*, 2014 WL 6682514, at *8 (declining to consider tour operator agreement in deciding joint venture claim). While the Complaint alleges an agree-

ment between Carnival and the Excursion Entities (*see* Compl. ¶ 52), it does not specifically mention the CST Agreement or even a written agreement at all, *see Ash*, 2014 WL 6682514, at *8 (noting same). The Court can only speculate as to whether Plaintiff would have disputed the CST Agreement if given the opportunity, further supporting the decision not to consider it.

*Lapidus v. NCL Am. LLC*, No. 12–21–183–CIV, 2012 WL 2193055, at *6 (S.D. Fla. June 14, 2012); *Gentry*, 2011 WL 4737062, at *7 (finding sparser allegations sufficient, albeit "not by much"). .

Carnival relies largely on *Skeen*, 2009 WL 1117432, insisting Plaintiff's allegations are inadequate. (*See* Mot. 19).[15] *Skeen* is distinguishable. The plaintiff in *Skeen* failed to allege the defendants intended to enter a joint venture, either by a writing or by oral agreement. *Skeen*, 2009 WL 1117432, at *3. Here, Plaintiff alleges the requisite agreement between Carnival and the Excursion Entities. (*See* Compl. ¶ 52).

*Skeen* also found the plaintiff had failed to adequately plead a joint proprietary interest where the plaintiff alleged: "it is reasonable to infer from the Complaint that Carnival and Total Gusto and/or XYZ Corp. have a joint proprietary interest in this venture because both parties have an ownership interest in the time and/or property that they contribute to the Joint Venture." *Skeen*, 2009 WL 1117432, at *4 (internal quotation marks and citations omitted). The *Skeen* court found this insufficient because an entity "can provide excursions ... yet not have an ownership interest in Carnival's sales or booking systems[, and] Plaintiff has not established that Carnival and Total Gusto jointly own resources for conducting excursion tours." *Id.* (alterations added). Thus, the plaintiff's allegations were based on the defendants "owning assets individually that are used to conduct business." *Id.*

The Court does not so conclude here, where Carnival has an interest in sponsoring, recommending, advertising, operating, and selling the Segway Tour; and the Excursion Entities have an interest in the time and labor expended in operating it. (*See* Compl. ¶ 57). This is slightly more than the general allegation each party had an "interest in the time and/or property that they contribute" which was found insufficient in *Skeen*. Other courts agree. *See Lapidus*, 2012 WL 2193055, at *6 (citing *Skeen* but finding joint venture adequately pleaded based on facts similar to those in the Complaint);[16] *Ash*, 2014 WL 6682514, at *9.

## D. Third–Party Beneficiary Claim (Count V)

 Finally, Plaintiff alleges she is a third-party beneficiary of a contract between Carnival and the Excursion Entities. (*See* Compl. ¶¶ 63–67). For the claim to survive, Plaintiff must allege: (1) the existence of a contract to which Plaintiff is not a party; (2) an intent, either expressed by the parties or in the provisions of the contract, that the contract primarily and directly benefit Plaintiff; (3) breach of that contract; and (4) damages resulting from the breach. *See Lapidus*, 2012 WL 2193055, at *6. Plaintiff alleges a contract between Carnival and the Excursion Entities. (*See* Compl. ¶ 63). She insists "the parties clearly manifested the intent ... that the contract primarily and directly benefit the third-party Plaintiff by requiring the Excursion Entities to maintain insurance and/or exercise reasonable care in the operation" of the Segway Tour. (*Id.* ¶ 64 (alteration added)). Carnival dedicates its argument to disputing this alleged in-

15. In Reply, Defendant only argues the CST Agreement precludes a finding of joint venture. (*See* Reply 7–8). The Court has already declined to consider the CST Agreement.

16. While the joint venture portion of the claim in *Lapidus* was adequately pleaded, the claim was dismissed because the plaintiff failed to adequately plead the negligence elements. *See Lapidus*, 2012 WL 2193055, at *6 ("These allegations ... are sufficient to state a claim for joint venture so long as Plaintiff adequately repleads the negligence claim." (alteration added)).

tent to benefit Plaintiff. (*See* Resp. 20–21; Reply 8–9).

For a contract to intend to benefit a third party, such intent "must be specific and must be clearly expressed in the contract." *Aronson v. Celebrity Cruises, Inc.*, 30 F.Supp.3d 1379, 1398 (S.D. Fla. 2014) (internal quotation marks omitted) (quoting *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 982 (11th Cir. 2005). It is not enough for a third party to have an "incidental or consequential benefit." *Id.* (internal quotation marks omitted).

Plaintiff fails to sufficiently plead she was a direct or primary beneficiary of any contract between Carnival and the Excursion Entities. *See, e.g., Ash*, 2014 WL 6682514, at *10 (finding allegation substantially similar to Plaintiff's insufficient); *Aronson*, 30 F.Supp.3d at 1398 (finding allegation the contract between defendants required "Wrave to exercise reasonable care in operation of the subject excursion" insufficient (citation omitted)). Plaintiff urges the Court to defer on any finding of intent, arguing "it is premature to rule on this issue at a motion to dismiss." (Resp. 25); *see also Barnett v. Carnival Corp.*, No. 06–22521–CIV, 2007 WL 1746900, at *4 (S.D. Fla. June 15, 2007) ("[T]he issue of intent [regarding third-party beneficiary claim] is not appropriate for resolution on a motion to dismiss." (alterations added)). The Court agrees. It is not deciding the factual issue of whether any contract between Carnival and the Excursion Entities evidences intent to benefit Plaintiff. Nor does it need to look beyond the Complaint. *See Barnett*, 2007 WL 1746900, at *4 (finding inquiry into intent inappropriate because doing so would require the court to look beyond the complaint). Rather, even if the allegation in the Complaint were true, *i.e.*, the CST Agreement required the Excursion Entities to maintain insurance and/or exercise reasonable care in operating the Segway Tour (*see* Compl.

¶ 64), those requirements would, as a matter of law, be insufficient to evidence the contract directly and primarily benefits Plaintiff. As such, the claim is dismissed.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion [ECF No. 25] is **GRANTED in part** and **DENIED in part.**

2. Paragraph 32p of Plaintiff's Complaint, in which Plaintiff alleges negligent misrepresentation, is **STRICKEN** without prejudice.

3. Count V of Plaintiff's Complaint is **DISMISSED without prejudice.**

4. Defendant's Motion [ECF No. 25] is **DENIED** as to Counts I, III, and IV of the Complaint.

5. Given the deadline for filing amended pleadings was March 4, 2016 (*see* Scheduling Order [ECF No. 14]), Plaintiff has until **March 23, 2016** to file an amended complaint should she choose to do so. This deadline will not be extended.

**DONE AND ORDERED** in Miami, Florida, this 16th day of March, 2016.